[No. 853.   Decided June 7, 1893.]

WASHINGTON NATIONAL BANK, *Respondent*, v. EBEN PIERCE, *Appellant*.

BANKS AND BANKING—DISCOUNTING PROMISSORY NOTE—NOTICE OF FRAUD—EVIDENCE.

A remark by the maker of a promissory note to the president of a bank that the note was procured by fraud and that he would not pay it, does not bind such bank, although it subsequently discounts the note, when such communication was not made to the president in his official capacity, and was not made at the bank nor with reference to the bank's business.

In an action by a bank upon a promissory note payable one year after date, and which had been discounted by the bank a month before maturity, it is not error for the court to sustain an objection to the question, "Is it customary in that business to discount paper that has run nearly the entire time, long time paper like this, without some inquiry?"

*Appeal from Superior Court, Pierce County.*

*Stevens, Seymour & Sharpstein*, for appellant.

*Frank D. Nash*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—Defendant made his promissory note in writing wherein he promised to pay to the order of one

Cromwell fifteen hundred dollars one year after date, with interest at ten per cent. until paid.   Before the note became due, the plaintiff, a bank, purchased the same from Cromwell at a discount.   After demand and refusal to pay, the bank brought this action to collect the note from defendant, appellant herein.   The defendant for answer alleged fraud on the part of Cromwell in procuring the note, want of consideration, false representations, etc., and alleged that prior to the time said note came into the possession of plaintiff, that plaintiff well knew, had full knowledge and due notice that the said note was obtained by fraud, and was given without consideration, and that the defendant intended to resist the payment of the same. Upon the trial of the cause the court instructed the jury to return a verdict for the plaintiff for the amount prayed for.

The view we take of the insufficiency of the notice given to the bank renders unnecessary an examination of the question of want of consideration; for, conceding that the note was fraudulently obtained, we think that the testimony very clearly shows that Ouimette, the president of the bank, did not have such notice as would bind the bank. It is doubtless true that under certain circumstances notice to the president of a bank is notice to the bank, but we think that no case can be found where notice given under the circumstances testified to in this case is held binding on the bank.   The testimony of appellant concerning this notice was as follows:

"We were at the office of the North Pacific Insurance Company, of which company we were both directors and stockholders, and at that time the matter came up, and I told Mr. Ouimette that this note was procured from me by fraud and misrepresentation and right out lying, and that I would not pay it."

But the communication was not made to Ouimette as the president of the bank; it was not made at the bank, or with

any reference to the bank's business; the business of another company was being discussed at the time, which was in no way connected with the bank, and, so far as the testimony shows, Ouimette made no response to the remark, and probably cared nothing about it, as it was a matter that did not interest him. Surely there is nothing in the law that will charge him with the duty of remembering, as president of the bank, such a remark, made under such circumstances and in such a place, and of communicating such a remark to the cashier of the bank, whose duty it is to conduct transactions of this kind for the bank.

Appellant places considerable stress on the fact that the note, which was due in one year after its execution, was not purchased by the bank until it lacked only one month from being due, and that the court erred in sustaining the objection to the question, "Is it customary in that business to discount paper that has run nearly the entire time, long time paper like this, without some inquiry?" We think the question was entirely irrelevant from any standpoint. The note had not matured, and that was all the inquiry the bank was bound to make. The presumption of the *bona fides* of the transaction was just the same one month before it became due as it was eleven months before it became due. The law fixes the time when the presumption ceases, which is a fixed and definite time.

We have examined the other errors alleged, and think they are untenable. The judgment is, therefore, affirmed.

SCOTT, STILES, ANDERS and HOYT, JJ., concur.